# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

YANITA KUZOVA, *et al.*,

    Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

Case No. 2:10-cv-01711-GMN-GWF

**ORDER**

Defendant's Motion to Stay Discovery (# 36)

    This matter is before the Court on Defendants' Notice of Motion and Memorandum of Points and Authorities in Support of Defendant's Motion to Stay Discovery (#36), filed May 23, 2011; and Plaintiffs' Response to Motion to Stay Discovery (#40), filed June 3, 2011.

## BACKGROUND

    Plaintiff Kuzova, a citizen of Bulgaria, derived her status as a legal permanent resident of the United States based on her status as a United States citizen's stepdaughter. (#1). Over seven years after becoming a legal permanent resident, Plaintiff Kuzova filed an application for naturalization on April 24, 2009. On August 24, 2009, Plaintiff passed the required naturalization examination, and pursuant to 8 C.F.R. § 335.3, Defendant USCIS was to adjudicate Plaintiff's naturalization application within 120 days or by December 22, 2009.[1] Plaintiff's application was not adjudicated until April 1, 2011, when she was placed in removal proceedings because her legal permanent resident status had been based on an allegedly fraudulent marriage. (#30). Plaintiff alleges that she is statutorily entitled to naturalization and has fulfilled all conditions precedent for the grant of naturalization. (#1). Moreover, Plaintiff alleges that Defendants have a policy, pattern,

---

[1] "A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization[.]" 8 C.F.R. § 335.3.

and practice to unlawfully hold Plaintiff's and other similarly situated individuals' applications in abeyance and failing to adjudicate their applications within the mandated timeframe. As a result, Plaintiff's Complaint asks the court to hear and make a ruling on her pending naturalization application and all other similarly situated individuals' pending naturalization applications.[2]

Defendants subsequently filed a Motion to Dismiss (#30) and a Motion to Stay Discovery (#36). While the former is pending before the District Court, the Court now addresses the latter, and based on the following, grants Defendants' Motion to Stay Discovery.

## DISCUSSION

It is well established that "the power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *San Francisco Tech., Inc. v. The Glad Products Co.*, 2010 WL 2943537 (N.D. Cal. July 26, 2010) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). In exercising that discretion, a court may relieve a party of the burdens of discovery while a potentially dispositive motion is pending. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997); *see also Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). Courts may also stay discovery proceedings when threshold issues, such jurisdiction, have been raised but not yet been determined. *Twin City Fire Ins. Co. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988).

Here, Defendants filed a motion to dismiss arguing that all of Plaintiffs' claims should be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted. (#30). With regard to jurisdiction, for an Article III court like the District Court to have jurisdiction, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1134 (9th Cir. 2005) (quoting *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10 (1974)). "When an actual controversy ceases to be present, a case is moot, and it is properly dismissed for lack of jurisdiction." *Gator.com Corp.*, 398 F.3d at 1134.

---

[2] Plaintiff has not obtained class certification. On April 5, 2011, Count 1 of the Complaint was dismissed as to Plaintiff Kuzov. (#31)

Here, Plaintiff Kuzova alleges that Defendants Holder and Muller have a policy, pattern, and practice of failing to complete name checks in an effort to unlawfully withhold and unreasonably delay the adjudication of the applications for naturalization in violation of the Immigration and Nationality Act. (#1). Defendants argue, however, that because Plaintiff's name check has since been completed, she has no live "case or controversy" against Defendants Holder or Muller. (#30).

Furthermore, Plaintiff alleges that Defendant United States Department of Homeland Security and Defendant USCIS violated 8 C.F.R. § 335.3 by failing to adjudicate Plaintiff's naturalization application within 120 days of Plaintiff's naturalization examination. (#1). Plaintiff also alleges that this unlawful action is made pursuant to Defendants' policy, pattern, and practice toward herself and other similarly situated individuals. In response, Defendants argue that because Plaintiff's naturalization application has been adjudicated, there is no live "case or controversy," and the court does not have jurisdiction over this matter. (#30).

Finally, Plaintiff Kuzova argues that pursuant to 8 U.S.C. § 1447(b),[3] the District Court should hear and make a ruling on her pending naturalization application. (#1). Defendants argue that Plaintiff Kuzova has failed to state a claim upon which such relief can be granted because Plaintiff is now in removal proceedings, which pursuant to 8 U.S.C. § 1429, precludes the Court from making a final determination on Plaintiff's naturalization eligibility.[4] (#30). Thus, the

---

[3] "[I]f there is a failure to make a determination . . . before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court . . . [the] court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C.A. § 1447 (West).

[4] "No application for naturalization shall be considered by [USCIS] if there is pending against the applicant a removal proceeding[.]" 8 U.S.C. § 1429 (West). Pursuant to section 1429, the Ninth Circuit has concluded that "removal proceedings and final removal orders are to take precedence over naturalization applications." *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 970 (9th Cir. 2003). Accordingly, when an individual is in removal proceedings, the Court's consideration of the applicant's naturalization status is limited and "purely advisory." *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1048 (9th Cir. 2004).

Defendants argue that because Plaintiff is asking for relief the Court cannot grant, Fed. R. Civ. P. 12(b)6 mandates dismissal.  (*Id.*)

Based on the foregoing potentially dispositive motion and threshold issues pending before the District Court, the Court finds that a stay of discovery in this case is appropriate as it will prevent the wasting of time and effort of all concerned, and will make the most efficient use of judicial resources.  Accordingly,

**IT IS SO ORDERED** that Defendant's Motion to Stay Discovery (#36), is hereby **granted.** The parties shall not engage in any discovery until further order of this Court.

DATED this 3rd day of August, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE