# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| YANITA KUZOVA, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 2:10-cv-01711-GMN-GWF |
| vs. | ) | **ORDER** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| Defendants. | ) | |

The Court conducted a hearing in this matter on July 16, 2012 pursuant to Plaintiffs' Notice of Termination of Removal Proceedings Against Plaintiff Kuzova and Dismissal of Fraud Charges of Removability Against Maria Reed and Request for the Scheduling of a Status Conference Hearing (#57), filed on July 5, 2012.

The Court previously stayed discovery in this case based on the pendency of removal proceedings against Plaintiff Kuzova and her mother Maria Reed. *See Orders (#44)*, filed August 3, 2011. On June 26, 2012, an Immigration Judge dismissed the removal proceedings against Ms. Kuzova and Ms. Reed. *Notice of Termination of Removal Proceedings (#57)* (attaching copies of Immigration Judge's orders). Although the government has until July 26, 2012 to appeal from the orders, the Defendants' counsel informed the Court on July16, 2012 that it is unlikely the government will appeal the dismissal of the removal proceedings. Plaintiffs accordingly request that the Court lift the stay on discovery and permit them to proceed. Plaintiffs' counsel also advised the Court that the only discovery that Plaintiffs seek in this action is the production of Ms. Kuzova's and Ms. Reed's United States Citizenship and Immigration Service (USCIS) "Alien A-Files, which contain documents relating to Ms. Kuzova's naturalization application and Ms. Reed's prior naturalization proceeding. Ms. Kuzova's naturalization application has reportedly been

challenged based on the allegation that Ms. Reed entered into a fraudulent marriage to a United States citizen. Defendants argue that the Court should not lift the discovery stay pending a decision on its still pending alternative motion to remand this action to the USCIS pursuant to 8 U.S.C. §1447. The Defendants also argue that the Alien A-Files are irrelevant.

Based on the limited scope of discovery sought by Plaintiffs, production of the Alien A-Files, the Court sees no need to continue the stay of discovery pending a decision on whether this action should be remanded to the USCIS. Even assuming that the action is remanded, information contained in the file may be relevant in the remanded proceeding before the Service. The scope of relevancy under Rule 26(b)(1) is broad and the burden is generally on the party opposing discovery to show that it is overly broad, unduly burdensome or irrelevant. The Alien A-Files appear likely to contain information relevant to Plaintiffs' claim. *See Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010). Defendants have not provided any basis for their contention that the files are irrelevant. Accordingly,

**IT IS HEREBY ORDERED** that the stay of discovery previously ordered in this case is hereby lifted and Plaintiffs may proceed with discovery regarding the Alien A-Files.

DATED this 24th day of July, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge