# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YANITA KUZOVA; and YAVOR KUZOV,  )
                                 )
                    Plaintiffs,  )
        vs.                      )   Case No.: 2:10-cv-01711-GMN-GWF
                                 )
UNITED STATES DEPARTMENT OF      )   **ORDER**
HOMELAND SECURITY, CITIZENSHIP   )
AND IMMIGRATION SERVICES, et al.,)
                                 )
                    Defendants.  )
                                 )

Plaintiffs Yanita Kuzova ("Kuzova") and Yavor Kuzov ("Kuzov") are siblings who filed a First Amended Complaint (ECF No. 47) as a class action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 1361, 28 U.S.C. § 1331 and the Administrative Procedure Act, *et seq.*

Pending before the Court is the Motion to Dismiss, and in the Alternative, Motion to Remand (ECF No. 50), filed by Defendants United States Department of Homeland Security, Citizenship and Immigration Services; John Kramar[1], District Director of the Las Vegas District Office; Eric Holder, Attorney General of the United States; Janet Napolitano, Secretary of Department of Homeland Security, Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services ("USCIS"); Robert Mueller, Director of the Federal Bureau of Investigation; and the United States of America (collectively, "Defendants" or the "Government"). Plaintiffs filed a Response (ECF No. 52), and Defendants filed a Reply (ECF No. 54). Plaintiffs also filed a Notice of Supplemental Authority (ECF No. 56), Notice of

---

[1] John Kramar, the current District Director of the Las Vegas District Office, is substituted pursuant to Fed. R. Civ. P. 25(d).

Termination of Removal Proceedings (ECF No. 57) and a Supplement (ECF No. 66) relating to the motion.

# I. BACKGROUND

Plaintiffs filed suit on October 2, 2010, before this Court. (ECF No. 1.) On March 14, 2011, Plaintiff Kuzov gave notice that his application for naturalization was granted, and requested the dismissal of Count One as it related to him, since the request was rendered moot by the grant of naturalization. (ECF No. 27.) The Court granted the request and dismissed Kuzov's claim under Count One on April 5, 2011. (Order, April 5, 2011, ECF No. 31.) Discovery was stayed on August 3, 2011 (ECF No. 44), and Plaintiffs subsequently filed an Amended Complaint on September 7, 2011. (ECF No. 47.)

In their First Amended Complaint ("FAC"), Plaintiffs ask the Court to assert jurisdiction, order a hearing, and decide the class members' pending naturalization applications pursuant to 8 U.S.C. 1447(b). (ECF No. 47.) As of August 2012, Plaintiffs have not filed a motion to certify class. Plaintiffs are currently seeking the issuance of a writ of mandamus, declaratory and injunctive relief, and adjudication of Kuzova's naturalization application pursuant to 8 U.S.C. § 1447(b). (*Id.*)

In their motion, Defendants argue that the Court should dismiss as moot all of Kuzov's claims, under Counts 2, 3, 5, 7, and 8, because he was formally naturalized on December 8, 2010. (Defs.' Mot. to Dismiss, 3:6-8, ECF No. 50.) Defendants also argue that Kuzova's claims against Defendants Holder and Mueller may also be dismissed as moot because Kuzova's name check was completed. (*Id* at 3:8-10.)

Defendants also argue that the Court "should dismiss Counts 1, 2, and 3 for failure to state a claim upon which relief may be granted because Kuzova is currently in removal proceedings, and 8 U.S.C. § 1429, therefore, prevents the Court from providing her effective relief." (*Id.* at 3:11-14.) Also based on Kuzova's removal proceedings, Defendants argue that

Kuzova's claims under Counts 4, 5, and 6 should be dismissed for lack of subject matter jurisdiction since those claims must first be addressed before the Board of Immigration Appeals. (*Id*. at 3:19-27.)

Alternatively, Defendants argue that the Court "should dismiss Count 5 because Kuzova fails to allege any protected interest or violation of a constitutional due process right." (*Id*. at 3:26-27–4:1-2.)

Finally, Defendants argue that "if this Court decides to not dismiss Kuzova's claims, the Court should remand the matter to the U.S. Citizenship and Immigration Services ("USCIS") for further processing upon the conclusion of Kuzova's removal proceedings." (*Id*. at 4:3-5.) Defendants argue that "the Court should give deference to the executive branch in this case to allow it to conclude the removal proceedings and to subsequently take appropriate action in relation to Kuzova's naturalization application." (*Id*. at 16:18-22.)

In October 2002, removal proceedings were initiated against Plaintiffs' mother, Maria Reed, alleging marriage fraud. (ECF No. 57.) After this case was filed, removal proceedings were initiated against Plaintiff Yanita Kuzova. (*Id*.) The Government filed the instant Motion to Dismiss, or in the Alternative, Motion to Remand (ECF No. 50) premised largely on Yanita Kuzova's removal proceedings. On June 26, 2012, Immigration Judge Jeffrey Romig dismissed the charge of fraud against Maria Reed, and terminated removal proceedings against Yanita Kuzova, dismissing the Notice to Appear ("NTA"). (*Id.*)

On Monday, July 16, 2012, the parties appeared before United States Magistrate Judge George Foley, Jr., for a Status Conference and the Government indicated a change in its procedural posture regarding the instant motion. (ECF No. 60.) Counsel for the Government stated that the ruling of the Immigration Judge was subject to appeal until July 26, 2012, after which it would become final. (*Id*.) Government counsel represented that if the ruling was not appealed, the instant motion would no longer have a valid basis, and might be withdrawn by the

Government, but that the Government might still file a new motion to remand. (*Id.*)

## II. DISCUSSION

In the Supplement (ECF No. 66), the Government/Defendants state that because "Kuzova is not currently in removal proceedings, Defendants cannot rely on 8 U.S.C. § 1429 to argue that Plaintiff Kuzova's claims under 8 U.S.C. § 1447(b) are subject to dismissal for failing to state a claim," but that nevertheless "these arguments only relate to Count One of Plaintiffs' amended complaint," so "the Court should dismiss the remaining counts of Plaintiffs' amended complaint – Counts 2-8." However, in the original motion, the Government said that the "Court should dismiss Counts 1, 2, and 3 for failure to state a claim upon which relief may be granted because Kuzova is currently in removal proceedings, and 8 U.S.C. § 1429, therefore prevents the Court from providing her effective relief." (ECF No. 50.) Also, the Government had argued that Counts 4, 5, and 6 should be dismissed for lack of subject matter jurisdiction, relating to Kuzova's naturalization application, because Kuzova should first take it to the Board of Immigration Appeals; this raises the question of whether 4, 5 and 6 are now moot, but the Government mentions the mootness issue solely in a footnote.

Furthermore, the Government indicates that there are several other issues that affect the Court's consideration of the instant motion that remain to be addressed:

> Additionally, while Defendants acknowledge that the Court now has jurisdiction over Count One of Plaintiffs' amended complaint, Defendants also stand by their argument that the Court should remand Plaintiff Kuzova's naturalization application to USCIS so that it can adjudicate the application. Motion to Dismiss at 16. Regardless of the outcome of Defendants' motion to dismiss, Defendants – if permitted by the Court – plan to file a new motion to remand that will address the impact of subsequent events at the administrative level on the motion to remand. These events include: (1) the termination of Plaintiff Kuzova's removal proceedings; (2) the cross-appeals of the immigration judge's order removing Plaintiff Kuzova's mother, Ms. Reed, which are pending at the Board of Immigration Appeals ("BIA"); and (3) the pending appeal of the revocation of the I-130 immigrant visa petition that Plaintiff Kuzova's brother, Plaintiff Kuzov, filed on behalf his mother, Ms. Reed. The two latter events put the allegations of Ms. Reed's fraudulent marriage squarely before the BIA on an administrative

> record that has been assembled over the last fourteen years. The denial of Defendants' motion to remand would require this Court to simultaneously address the marriage fraud issue that is already before the BIA, which could lead to divergent results, and would require *de novo* review and result in extensive discovery and the unnecessary use of judicial resources.

(ECF No. 66.)

### III. CONCLUSION

Since this action was filed, many of the underlying facts have changed – discovery has been stayed (ECF Nos. 44, 55) or limited (ECF No. 62), the parties have requested that the Court stay its ruling on the motion, and the status of the removal proceedings against Plaintiffs (ECF No. 49) and their mother (ECF No. 57) has changed.  After reviewing the Government's Supplement (ECF No. 66), the Court now finds that full briefing is necessary, from both parties, to fully address the impact of the changed facts underlying this action.  Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, and in the Alternative, Motion to Remand (ECF No. 50) is **DENIED without prejudice**.  The Government is given leave to re-file the motion within thirty (30) days of the entry of this Order, and briefing will follow the normal briefing schedule.

**DATED** this 30th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge